# IN THE COURT OF APPEALS OF IOWA

No. 13-1608
Filed October 1, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JULIA NGUYEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.


        Julia Nguyen appeals from her conviction for theft in the fourth degree. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Julia Nguyen appeals from her conviction for theft in the fourth degree. She asserts trial counsel was ineffective for failing to argue the State did not prove she took the merchandise with the intent to deprive Menards of its property. Because we conclude this is not a meritorious claim, counsel was not ineffective for failing to present this argument. Consequently, we affirm.

On January 27, 2013, Nguyen was shopping at Menards. She returned items for which she insisted she had no receipt, which alerted the loss prevention officer. Nguyen was then seen to put items in her purse and pocket while shopping. Upon checkout, she paid for the items in her cart but gave her purse to an elderly woman. The items in Nguyen's purse and pocket were not paid for, so the loss prevention officer brought Nguyen and the elderly woman back to his office. Nguyen's purse was emptied and the officer discovered a total of $342.62 worth of merchandise. Some of Nguyen's actions were captured on the store's video surveillance system.

Nguyen was charged with theft in the fourth degree, in violation of Iowa Code sections 714.1(1) and 714.2(4) (2013). A jury trial was held on September 11, 2013, and following the close of the State's case, and again at the close of all the evidence, defense counsel moved for a judgment of acquittal. Counsel asserted the State had failed to prove the elements of the crime, though no further argument was offered. The district court overruled the motion and Nguyen was found guilty.[1] Nguyen appeals, arguing counsel should have

---

[1] The district court's sentencing order stated Nguyen would be "incarcerated for one year. All but 365 days of the sentence are suspended." This is inconsistent with both

asserted the State failed to prove she took the merchandise with the intent to deprive Menards of its property.

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). We may either decide the record is adequate and issue a ruling on the merits, or we may choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that she was prejudiced by counsel's failure. *Id.*

For the jury to convict Nguyen of theft in the fourth degree, the State must prove beyond a reasonable doubt Nguyen took the merchandise with the intent to deprive Menards of its property. *See* Iowa Code § 714.1(1). When ruling on a motion for judgment of acquittal, the evidence is viewed in the light most favorable to the State, including all inferences and deductions that can reasonably be drawn from the evidence. *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002).

Nguyen's trial counsel did not breach an essential duty by failing to argue the State failed to prove the element of intent. Store personnel found $342.62 worth of unpaid-for merchandise in Nguyen's purse. Video surveillance showed Nguyen placing items in her purse and pocket from areas of the store corresponding to the merchandise found in her purse. Though she testified the

---

Nguyen's appellate brief and the docket entry on Iowa Courts Online. Consequently, we note this was a typographical error, and the order should have read: "All ~~but~~ 365 days are suspended."

surveillance videos only showed her handling tissues or her phone, and the merchandise found were items she attempted to return but could not, credibility determinations are solely within the province of the jury. *See State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005). Given this evidence, it is a reasonable inference that Nguyen took these items with the intent to deprive Menards of its property. *See* Iowa Code § 714.1(1); *Biddle*, 652 N.W.2d at 197 (noting reasonable inferences may be drawn from the evidence). Consequently, substantial evidence supported the district court's decision to overrule trial counsel's motion, and counsel was not ineffective for failing to argue the State did not prove the element of intent. *See Biddle*, 652 N.W.2d at 197 (holding the district court properly overruled the motion for judgment of acquittal because substantial evidence supported the elements of the offense); *State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (noting counsel is not ineffective for failing to pursue a meritless objection). We therefore affirm Nguyen's conviction.

**AFFIRMED.**